Peter DONATELLO, Jr. et al., Plaintiffs,

v.

Andrew McKENZIE, et al., Defendants.

Ivan BORGOS, et al., Plaintiffs,

v.

Peter DONATELLO, Jr., et al., Defendants.

Nos. 93 Civ. 4609 (LMM), 93 Civ. 4614 (LMM).

United States District Court, S.D. New York.

July 27, 1993.

---

## MEMORANDUM AND ORDER

McKENNA, District Judge.

1.

At issue in the above related actions is the validity of a trusteeship imposed on June 30, 1993 by the International Leather Goods, Plastics, Novelty and Service Workers Union (the "International") on the Four Joint Boards Council (which consists of a number of local unions) (the "Locals") and their health and welfare funds (the "Funds"). Ivan Borgos is the trustee; Peter Donatello, Jr. is the manager of the Locals; and Andrew McKenzie is the president of the International. The plaintiffs in 93 Civ. 4614 seek a preliminary injunction enforcing the trusteeship, the plaintiffs in 93 Civ. 4609 a preliminary injunction invalidating it.

It is not disputed that the Locals owe the International approximately $60,000 in per capita payments. Failure to remit such payments on a current basis and to prepare or initiate a satisfactory plan for past due amounts is ·the principal stated reason for imposition of the trusteeship.

A trusteeship may be imposed to the extent permitted by 29 U.S.C. § 462, which provides:

Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body and for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization.

29 U.S.C. § 462 (1988). The International's constitution requires the Locals to "promptly" pay per capita tax and assessments to the International. (Moss Decl.Ex. A at Art. II, § 10(a).) The constitution also provides that:

Whenever a Local Union, Joint Board or Council fails to abide by its obligations under the International Union's Constitution or fails to abide by its obligations pursuant to applicable law in discharging such obligations either to the International Union or its members, the International Union either through its General Executive Board or Board of Directors, may declare the existence of a Trusteeship over such Local Union, Joint Board or Council and such Trusteeship shall continue until the conditions and circumstances giving rise to such Trusteeship are corrected and remedied.

(Id. at Art. XVII, § 1.)

In Nat'l Ass'n of Letter Carriers v. Sombrotto, 449 F.2d 915 (2d Cir.1971), the Court of Appeals set forth the standard to be applied to a challenge to the validity of a trusteeship.

The power of a local (or the Secretary of Labor) to contest the trusteeship in federal court, 29 U.S.C. 464(a), is subject to an eighteen month presumption of validity if the trusteeship has been established in accordance with the provisions of the parent's constitution and bylaws and has been authorized or ratified after a fair hearing, 29 U.S.C. @ 464(c). This presumption can be overcome only by "clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable under @ 462." Congress contemplated that if the parent's constitution had an appropriate provision and this was complied with, the courts were to enter the picture to invalidate a trusteeship only if the local (or the Secretary) chose to contest the parent's decision and was able to overcome a rather stiff presumption of validity.

Id. at 920–21 (footnote omitted).

█ The Locals raise two issues in challenging the trusteeship. They argue, first, that per capita delinquencies are not "finan-

cial malpractice" within the meaning of 29 U.S.C. § 462. No case made known to the Court decides whether failure to make per capita payments on a timely basis is "financial malpractice." "Malpractice," however, has been generically defined as "an injurious, negligent, or improper practice." *Webster's Third New International Dictionary* 1368 (1986) (definition 2). The word does not imply corruption.[1] In discussing the proper purposes of trusteeships, the Senate Report notes that "[i]t is not the intention of the committee to interfere in any way with the recognized authority and responsibility of a union to require compliance by subordinate organizations with all lawful and proper provisions of the union's constitution and by-laws." S.Rep. No. 187, 86th Cong., 1st Sess. (1959), *reprinted in* 1959 U.S.C.C.A.N. 2318, 2362. The trusteeship imposed here seeks to do that. The Court concludes that the trusteeship was validly imposed for a reason found in the International's constitution and permitted by 29 U.S.C. § 462. Under *Sombrotto*'s "stiff presumption of validity," 449 F.2d at 921, the challenge to the trusteeship on this ground must be rejected.[2]

■ The Locals also claim that there was not a "fair hearing" as required by 29 U.S.C. § 464(c). In support of this contention, the Locals assert that they were refused a one week adjournment of the June 30, 1993 hearing at which the trusteeship was imposed although notice of the hearing, given on June 21, 1993, was not received until June 28, 1993, and that the decision to impose the trusteeship was made without an opportunity to submit additional information from the Locals' accountants. The Locals also object to the informality of the notice. The Locals cite no specific provisions of the constitution which they claim not to have been complied with.

In *Becker v. Industrial Union of Marine & Shipbuilding Workers*, 900 F.2d 761 (4th Cir.1990), the court summarized the charac-

teristics of the fair hearing required before imposition of a trusteeship:

> First, the notice should set out in writing the factual basis for alleged violations of law or the union's constitution that justify imposition of a trusteeship.... The notice should also provide the date, time, and location of the hearing and indicate that the local will have the opportunity to respond to the charges.... Notice of the charges sufficient to meet the requirements of the Act may be found in written communications supplementing the notice giving the date and time of the hearing....
>
> At the hearing itself, the union seeking to impose the trusteeship must present evidence and witnesses in support of the reasons for imposing the trusteeship.... The local must be accorded the opportunity to cross-examine the international's witnesses and present rebuttal evidence.... Where the international union has provided the local with the opportunity for a hearing meeting the requirements of the Act, it may validly impose a trusteeship if the local declines to exercise that opportunity by failing to appear at a properly noticed hearing....

*Id.* at 768–69 (citations omitted). The hearing after which the trusteeship was imposed satisfies, if barely, these requirements.

The notice sets forth the principal charges of "[f]ailure to remit dues and initiation fees on a current basis" and "[f]ailure to propose or initiate a satisfactory plan for the payment of past obligations to the International." (Moss Decl. Ex. E at ¶¶ 1, 2.) It set forth the date, time and (implicitly) location of the hearing. Information concerning the charges was presented by the International, and Mr. Donatello (and counsel) were given an opportunity to present their defense. The Locals' request for an adjournment of a week in order to present financial information was denied, but the International did give an opportunity for submission of such informa-

---

1. Indeed, nothing contained in this Memorandum and Order is intended in any way to suggest that the Court has found that the Locals have engaged in any corrupt or illegal practices.

2. Were the usual standard applicable to motions for a preliminary injunction to be applied, *cf. Sombrotto*, 449 F.2d at 923–25 (Oakes, J., dissenting), the Court might hold otherwise. Plaintiffs in 93 Civ. 4614 have not shown that they are threatened with irreparable harm.

tion post-hearing. The Locals, it appears, have not yet done so nor do they appear to consider that such a submission would change the result. It does not appear from the papers submitted, however, that any hearing was held relating to charges concerning the funds. (*See id.* at ¶¶ 3–5.)

The Court concludes that the Locals were afforded a "fair hearing" as that term is used in 29 U.S.C. § 464(c), and that the trusteeship must be enforced. It should be noted, however, that this conclusion relates only to the Locals, but not to the Funds, which are, legally, separate entities. The International has not shown a basis for imposition of a trusteeship over the funds.

2.

■ Plaintiffs in 93 Civ. 4614 seek reargument of this Court's Memorandum and Order of July 16, 1993 denying, upon certain conditions (which have been accepted in writing by the Locals), their motion enjoining the Locals from proceeding with votes to disaffiliate from the International and affiliate with another union and from taking any other action to dissociate locals or union members from the Four Joint Boards Council. The motion is denied. Such plaintiffs have not demonstrated that the votes would be uninformed or that the Locals are proceeding impermissibly.

3.

As to the trusteeship, to the extent it purports to be a trusteeship of the Health and Welfare Funds of the Four Joint Boards Council, the motion of plaintiffs in 93 Civ. 4609 is granted, that of plaintiffs in 93 Civ. 4614 is denied, and the trusteeship is declared invalid.

As to the trusteeship, to the extent it is a trusteeship of the Four Joint Boards Council (and its constituent locals), the motion of plaintiffs in 93 Civ. 4609 is denied, that of plaintiffs in 93 Civ. 4614 is granted, and defendants and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are enjoined, pending final disposition of this ac-

tion, but not beyond December 31, 1994, from:

a) failing to comply with the trusteeship imposed by the International on June 30, 1993;

b) failing to comply with directions given by Trustee Borgos, his agents and attorneys;

c) interfering with the functions or actions of Trustee Borgos;

d) failing to turn over all books and records of the Locals to the Trustee;

e) interfering with the decision of Trustee Borgos to move the Locals' records and office to the Seventh Floor at 265 West 14th Street;

f) failing to turn over to Trustee Borgos all the Locals' property, including the leased automobile;

g) failing to assist in the transfer of authority to Trustee Borgos, including executing any bank or other authorization cards or any other documentation needed to transfer full control of the Locals' funds to Trustee Borgos.

No bond or other security is required.

4.

The parties shall advise the Court in writing within ten days of the date of this order as to such further proceedings as they think to be necessary or appropriate, and of their proposed schedules therefor.

SO ORDERED.